UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-20572-BLOOM/Reid

JUAN C. BRINIS FERNANDEZ,

    Plaintiff,
v.

DANIEL COLOMBO, CLIFFORD BECK, JR.,
THOMAS FLEISCHHAUER, GUSTAVO
BLACIO, STEVEN CONFESSORE,
PEDRO RODRIGUEZ, MISHART TORRES,
MATTHEW AMBRE, and ELLIOTT GELBER,

    Defendants.
_____/

## ORDER ON APPLICATION TO PROCEED *IN FORMA PAUPERIS*

**THIS CAUSE** is before the Court upon Plaintiff Juan C. Brinis Fernandez's ("Plaintiff") Implied Motion to Proceed *In Forma Pauperis*, ECF No. [3] ("Motion"). The Court has carefully considered the Motion and the record in this case, and is otherwise fully advised. For the reasons set forth below, Plaintiff's Motion is denied without prejudice.

Plaintiff, a *pro se* litigant, has not paid the required filing fee and has impliedly moved to proceed *in forma pauperis*. ECF No. [3]. Fundamental to our system of justice is that the courthouse doors will not be closed to persons based on their inability to pay a filing fee. Congress has provided that a court "may authorize the commencement, prosecution, or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees . . . therefore, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees. . . ." 28 U.S.C. § 1915(a)(1); *see Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (interpreting statute to apply to all persons seeking to proceed *in forma pauperis*). Section 1915(a) requires a determination as to whether "the

statements in the [applicant's] affidavit satisfy the requirement of poverty." *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976).[1] An applicant's "affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez*, 364 F.3d at 1307; *see also Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (*In forma pauperis* status is demonstrated when, because of poverty, one cannot "pay or give security for the costs and still be able to provide himself and dependents with the necessities of life."). The Department of Health and Human Services (HHS) poverty guidelines are central to an assessment of an applicant's poverty. *See Taylor v. Supreme Court of New Jersey*, 261 F. App'x 399, 401 (3d Cir. 2008) (using HHS Guidelines as basis for section 1915 determination); *Lewis v. Ctr. Mkt.*, 378 F. App'x 780, 784 (10th Cir. 2010) (affirming use of HHS guidelines); *see also* Annual Update of the HHS Poverty Guidelines, 85 Fed. Reg. 3060 (Jan. 17, 2020). Further, the section 1915 analysis requires "comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916, 917 (11th Cir. 2014). Ultimately, permission to proceed *in forma pauperis* is committed to the sound discretion of the Court. *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986) ("[P]ermission to proceed [IFP] is committed to the sound discretion of the court.").

The Court is unable to determine from Plaintiff's Motion whether he satisfies the requirements of poverty because the application is incomplete. In particular, Plaintiff has not submitted "an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Thus, the Court cannot determine whether Plaintiff qualifies as indigent under § 1915 based on the Motion.

---

[1] Pursuant to *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), opinions of the Court of Appeals for the Fifth Circuit issued prior to October 1, 1981, are binding precedent in the Eleventh Circuit.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Implied Motion to Proceed *In Forma Pauperis*, **ECF No. [3]**, is **DENIED WITHOUT PREJUDICE.**

2. Plaintiff must re-submit the Application to Proceed *In Forma Pauperis*, along with all required documentation or pay the required filing fee **by no later than February 24, 2020.** Failure to comply with this Order will result in dismissal without prejudice and without further notice.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 10, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Juan C. Brinis Fernandez
190145117
Metro West Detention Center
13850 NW 41 Street
Miami, FL 33178