UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-20572-BLOOM/Reid

JUAN C. BRINIS FERNANDEZ,

    Plaintiff,
v.

DANIEL COLOMBO, CLIFFORD BECK, JR.,
THOMAS FLEISCHHAUER, GUSTAVO
BLACIO, STEVEN CONFESSORE,
PEDRO RODRIGUEZ, MISHART TORRES,
MATTHEW AMBRE, and ELLIOTT GELBER,

    Defendants.
_____/

## ORDER DISMISSING CASE

**THIS CAUSE** is before the Court upon Plaintiff Juan C. Brinis Fernandez's ("Plaintiff") Complaint, ECF No. [1], and Declaration in Support of Implied Motion for Leave to proceed *in forma pauperis*, ECF Nos. [3] & [6] ("Declaration"). The Court has carefully considered the Complaint and Declaration, the record in this case, and is otherwise fully informed in the premises. For the reasons that follow, Plaintiff's Complaint is dismissed.

Plaintiff, a *pro se* litigant, has not paid the required filing fee and therefore the screening provisions of 28 U.S.C. § 1915(e) are applicable. Section 1915 requires courts to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause

of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim is frivolous when it 'has little or no chance of success,' that is, when it appears 'from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless.'" *Hoang v. DeKalb Housing Auth.*, 2014 WL 1028926, at *1 (N.D. Ga. Mar. 19, 2014) (quoting *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993)); *see Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (holding that a claim is frivolous "where it lacks an arguable basis either in law or in fact").

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). However, "this leniency does not give a court license to serve as *de facto* counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action. *GJR Inv., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citations omitted). The Court cannot simply "fill in the blanks" to infer a claim, *Brinson v. Colon*, 2012 WL 1028878, at *1 (S.D. Ga. Mar. 26, 2012), as "it is not the Court's duty to search through a plaintiff's filings to find or construct a pleading that satisfies Rule 8," *Sanders v. United States*, 2009 WL 1241636, at *3 (N.D. Ga. Jan. 22, 2009); *see Bivens v. Roberts*, 2009 WL 411527, at *3 (S.D. Ga. Feb. 18, 2009) ("[J]udges must not raise issues and arguments on plaintiffs' behalf, but may only construe pleadings liberally given the linguistic imprecision that untrained legal minds sometimes

employ.") (citing *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008)). Even under the relaxed pleading standard afforded to pro se litigants, *see Abele v. Tolbert*, 130 F. App'x 342, 343 (11th Cir. 2005), the Complaint fails.

The Complaint must be dismissed because it fails to state a claim upon which relief can be granted. In the Complaint, Plaintiff attempts to allege a violation of 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must plead that he was (1) deprived of a right; (2) secured by the Constitution or laws of the United States; and (3) that the alleged deprivation was committed under color of state law. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999); *Rayburn v. Hogue*, 241 F.3d 1341, 1348 (11th Cir. 2001). A plaintiff must offer more than conclusory and vague allegations to state a § 1983 claim. *L.S.T., Inc. v. Crow*, 49 F.3d 679, 684 (11th Cir. 1995). Plaintiff's Complaint alleges that Miami Beach police officers illegally arrested him outside of the Miami Beach city limits, and that this arrest outside of the arresting officers' jurisdiction violated his constitutional rights. *See generally* ECF No. [1]. As a result, Plaintiff seeks damages for Defendants' violation of his constitutional rights under § 1983.

The Court, however, cannot ascertain any plausible claim for relief from Plaintiff's allegations. After review of the arrest report in Plaintiff's underlying criminal case, *State v. Brinis-Fernandez*, No. 13-2011-CF-033277-0001-XX,[1] it is evident that the arrest was made in fresh pursuit, after officers responded to a 911 call of a burglary on Miami Beach, and pursued Plaintiff across jurisdictional lines after he fled the scene of the crime.

> Although "[g]enerally[] an officer of a county or municipality has no official power to arrest an offender outside the boundaries of the officer's county or municipality," *Huebner v. Florida*, 731 So. 2d 40, 44 (Fla. 4th DCA 1999), an exception exists

---

[1] "This Court may take judicial notice of Plaintiff's prior action as well as the arrest report in determining whether to dismiss this action." *Belton v. Pereira*, No. 3:20-cv-35-MCR-HTC, 2020 WL 907580, at *2 (N.D. Fla. Jan. 24, 2020) (citing *McDowell Bey v. Vega*, 588 F. App'x 923, 926 (11th Cir. 2014)), *report and recommendation adopted*, No. 3:20-cv-35-MCR-HTC, 2020 WL 905537 (N.D. Fla. Feb. 25, 2020); *see also* Fed. R. Evid. 201.

> when Florida police are engaged in "fresh pursuit." Specifically, "[t]he fresh pursuit exception allows officers, who attempt to detain or arrest within their territorial jurisdiction, to continue to pursue a fleeing suspect even though the suspect crosses jurisdictional lines." *Florida v. Phoenix*, 428 So. 2d 262, 265 (Fla. 4th DCA 1982).

*Everett v. Marianna Police Dep't*, 431 F. App'x 819, 821 (11th Cir. 2011). Thus, the Complaint is devoid of any actionable § 1983 claim for false arrest. As a result, the Complaint's legal theories, as presented, are indisputably meritless. *See, e.g.*, *Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008) (holding that complaint may be dismissed before service of process where its legal theories are indisputably meritless).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Complaint, **ECF No. [1]**, is **DISMISSED**.
2. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 26, 2020.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Juan C. Brinis Fernandez
190145117
Metro West Detention Center
13850 NW 41 Street
Miami, FL 33178