UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-20572-BLOOM/Reid

JUAN C. BRINIS FERNANDEZ,

    Plaintiff,

v.

DANIEL COLOMBO, CLIFFORD BECK, JR.,
THOMAS FLEISCHHAUER, GUSTAVO
BLACIO, STEVEN CONFESSORE,
PEDRO RODRIGUEZ, MISHART TORRES,
MATTHEW AMBRE, and ELLIOTT GELBER,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court upon Plaintiff Juan C. Brinis Fernandez's ("Plaintiff") Motion for Leave to File Amended Complaint, ECF No. [9] ("Motion"). On February 7, 2020, Plaintiff initiated this 42 U.S.C. § 1983 action arising from Plaintiff's allegedly unconstitutional arrest by Miami Beach Police Officers outside of their jurisdiction. ECF No. [1] ("Complaint"). On February 26, 2020, this Court dismissed Plaintiff's case for the failure to state a claim. ECF No. [7]. Plaintiff now files the instant Motion requesting leave to file an Amended Complaint based upon the same facts underlying his previously dismissed Complaint. ECF No. [9]. The Court has carefully reviewed the Motion, the record in this case, and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

Generally, Rule 15 of the Federal Rules of Civil Procedure governs amendments to pleadings. Apart from initial amendments permissible as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. However, "[a] district

court need not . . . allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). The law in this Circuit is clear that "a district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004); *see also Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1292 n.6 (11th Cir. 2007) (same); *Thompson v. City of Miami Beach, Fla.*, 990 F. Supp. 2d 1335, 1343 (S.D. Fla. 2014) ("[A] district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile." (citation omitted)).

"[D]enial of leave to amend is justified by futility when the 'complaint as amended is still subject to dismissal.'" *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999); *see Dysart v. BankTrust*, 516 F. App'x 861, 865 (11th Cir. 2013) (same); *St. Charles Foods, Inc. v. America's Favorite Chicken Co.*, 198 F.3d 815, 822-23 (11th Cir. 1999) ("When a district court denies the plaintiff leave to amend a complaint due to futility, the court is making the legal conclusion that the complaint, as amended, would necessarily fail."); *Christman v. Walsh*, 416 F. App'x 841, 844 (11th Cir. 2011) ("A district court may deny leave to amend a complaint if it concludes that the proposed amendment would be futile, meaning that the amended complaint would not survive a motion to dismiss."); *Aguilar v. United Floor Crew, Inc.*, No. 14-cv-61605, 2014 WL 6751663, at *2 (S.D. Fla. Dec. 1, 2014) (same). In any event, "the grant or denial of an opportunity to amend is within the discretion of the District Court . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Upon review, the Court determines that Plaintiff's proposed amendment is futile.

Specifically, the Court concludes that the allegations in the Amended Complaint, which are based on the same underlying facts as the previous Complaint, do not alter the Court's analysis or its ultimate conclusion that Plaintiff has failed to state a viable § 1983 claim. Therefore, even as amended, the complaint still fails to state a claim and is thus still subject to dismissal.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion, **ECF No. [9]**, is **DENIED**. This case shall remain closed.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 11, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Juan C. Brinis Fernandez
190145117
Metro West Detention Center
13850 NW 41 Street
Miami, FL 33178